

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

MIGUEL ANTONIO MARTINEZ, §
　　　　　　　　　　　　　　§
　　　　Movant, §
　　　　　　　　　　　　　　§
VS. § NO. 4:18-CV-706-A
　　　　　　　　　　　　　　§ (NO. 4:16-CR-021-A)
UNITED STATES OF AMERICA, §
　　　　　　　　　　　　　　§
　　　　Respondent. §

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Miguel Antonio Martinez ("movant") under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. After having considered such motion, its supporting memorandum, the government's response, the reply, and pertinent parts of the record in Case No. 4:16-CR-021-A, styled "United States of America v. Cleto Tarin, et al.," the court has concluded that the motion should be denied.

I.

Background

Information contained in the record of the underlying criminal case discloses the following:

On February 10, 2016, movant was named in a two-count indictment charging him in count one with conspiracy to possess with intent to distribute 50 grams or more of a mixture and

substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. CR Doc.[1] 37.

On March 29, 2016, movant appeared before the court with the intent to enter a plea of guilty to the offense charged without benefit of a plea agreement. CR Doc. 232. Movant and his attorney signed a factual resume setting forth the elements of the offense, the maximum penalty movant faced, and the stipulated facts supporting movant's guilt. CR Doc. 236. Under oath, movant stated that no one had made any promise or assurance of any kind to induce him to plead guilty. Further, movant stated his understanding that the guideline range was advisory and was one of many sentencing factors the court could consider; that the guideline range could not be calculated until the presentence report ("PSR") was prepared; the court could impose a sentence more severe than the sentence recommended by the advisory guidelines and movant would be bound by his guilty plea; movant was satisfied with his counsel and had no complaints regarding his representation; and, movant and counsel had reviewed the factual resume and movant understood the meaning of everything in it and the stipulated facts were true and correct (as amended at the rearraignment hearing). CR Doc. 648.

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:16-CR-021-A.

According to the PSR, movant's base offense level was 32. CR Doc. ¶ 43. He received a two-level enhancement for maintaining a premises for manufacturing or distributing a controlled substance and another two-level enhancement for obstruction of justice. Id. ¶¶ 44, 47. In addition, movant received a three-level enhancement for role in the offense as manager or supervisor. Id. ¶ 46. Movant received a three-level reduction for acceptance of responsibility. Id. ¶¶ 50, 51. Based on a total offense level of 36 and a criminal history category of V, the guideline imprisonment range was 292-365 months. Id. ¶ 124.

Movant filed objections to the PSR. CR Doc. 510. He objected to the two-level enhancement for maintaining a premises for manufacturing or distributing a controlled substance and to the three-level enhancement for being a manager or supervisor. Id. The probation officer prepared an addendum to the PSR, noting that it appeared that movant was frivolously contesting relevant conduct and had not clearly demonstrated acceptance of responsibility. CR Doc. 401. Movant again filed objections. CR Doc. 511. The probation officer prepared a second addendum to the PSR. CR Doc. 447. By order signed July 22, 2016, the court notified movant that it had tentatively concluded that his objections were without merit. CR Doc. 473.

Movant's sentencing took place on July 29, 2016. CR Doc. 649. Movant did not present any evidence in support of his objections to the PSR and the court adopted as findings the facts set forth in the PSR. Id. at 5-8. The government presented evidence in support of its motion for downward departure. Id. at 9-22. Movant, his character witnesses, and counsel addressed the court. Id. at 30-35. The court sentenced movant to a term of imprisonment of 232 months, which was five years below the bottom of the guideline range, to be followed by a four-year term of supervised release. Id. at 36-37; CR Doc. 501.

Movant appealed and his sentence was affirmed. United States v. Martinez, 690 F. App'x 154 (5th Cir 2017).

II.

Grounds of the Motion

Movant asserts two grounds in support of his motion. First, he says his counsel was ineffective for failing to object to the drug weight attributed to him. Doc.[2] 1 at PageID[3] 4. Second, he says that his counsel was ineffective in failing to offer any evidence to support the objections to the PSR. Id. at PageID 5.

---

[2]The "Doc. __" reference is to the number of the item on the docket in this civil action.

[3]The "PageID __" reference is to the page number assigned by the court's electronic filing system.

4

The motion is accompanied by a memorandum in support. Doc. 2.

III.

Standards of Review

A. 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974); United States

5

v. Placente, 81 F.3d 555, 558 (5ᵗʰ Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B. <u>Ineffective Assistance of Counsel Claims</u>

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."

6

Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the Strickland test. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

IV.

Analysis

Movant first notes that at the rearraignment hearing, the court noted hesitancy on the part of movant and his counsel with regard to the factual resume. CR Doc. 648 at 27-29. Movant's counsel represented that movant was incarcerated until January of 2015. Id. at 27. Therefore, the stipulated facts section of the factual resume was amended to delete the words "and before" and movant and his attorney initialed the deletion. CR Doc. 236 at 2. As amended, the stipulated facts section read:

> In 2015, [movant] purchased more than 50 grams of methamphetamine, then sold that methamphetamine to Kendra Ward and others in the Wichita Falls who then distributed the methamphetamine to their customers. Following his arrest, [movant] admitted to purchasing more than 50 grams of methamphetamine and selling them for further distribution.

7

Id.

Movant mistakenly argues that the government stipulated to the factual resume. Doc. 2 at 9. And, although he now admits that he was "subsequently placed in a halfway house, up to January 2015," he argues that he "was incapable of possessing and distributing controlled substances prior to 2015." Id. at 10. See also id. at 11 (arguing that movant was "physically incapable of possessing and distributing methamphetamine during this time period [when he was in a halfway house], especially as frequently as two to three times per day for three months"). He says that his counsel "inexplicably failed to lodge any objection." Id. at 11. He reiterates this argument in his reply. Doc. 8 at 4.

Of course, as the PSR explains, it was while living at the halfway house that movant began trafficking methamphetamine and marijuana again. CR Doc. 331 ¶ 15. And, he undertook these transactions two to three times per day. Id. ¶ 19. Movant began supplying methamphetamine to Ward in approximately late June 2015, id. ¶ 23, which is consistent with the revised factual resume. Movant does not suggest that there is evidence to the contrary of any of these facts. Any objection to the drug amount as calculated in the PSR, including an argument (as discussed below) as to whether certain cash movant tried to hide should be converted to drug quantity and included in the amount of

8

methamphetamine attributed to him, would have been frivolous and counsel was not required to lodge such an objection. Clark v. Collins, 19 F.3d 959, 966 (5th Cir. 1994). As the government correctly points out, movant was in danger of losing acceptance of responsibility and his counsel was not ineffective in failing to argue an issue that had no support.[4]

Movant additionally argues, without any support, that on July 11, 2016, movant's counsel was provided a sworn affidavit, dated July 1, 2016, from Rena Casco ("Casco"). Doc. 2 at 12. The Casco affidavit, a copy of which purports to be attached to the memorandum, simply states that at some unknown time and place, she gave $10,000 to movant to hold for her, as she was planning to use the money to buy a house. Id., Ex. A. There is no reason to believe that this money, assuming it existed, is the same $10,000 described in the PSR, CR Doc. 331 ¶ 27, which had been separated into ten $1,000 stacks and found in a baggie in movant's backpack. Had the money belonged to Casco, there would have been no reason for movant to instruct his "on again off again" girlfriend to hide the money. Id. ¶¶ 25-27. In any event, movant has not shown that an objection on this ground would have

---

[4]Movant argues in his reply that he is entitled to a hearing because the government failed to support its response with a declaration or affidavit from movant's counsel. Doc. 8 at 5. Of course, the burden was not on the government to present evidence, especially in response to a conclusory, unsupported motion.

9

had the slightest merit, much less that it would have changed the outcome of the proceedings.

In his second ground, movant urges that his counsel was ineffective for failing to present any evidence in support of his objections to the PSR. But, he only specifically complains that his counsel did not present evidence with regard to the two-level enhancement for maintaining a drug premises. Doc. 2 at 13-17. Here, he again alleges without any support that his counsel was provided a certain sworn statement prior to sentencing. Id. at 15. The statement, Exhibit B to the memorandum, simply states that the declarant "worked doing maintenance at an apartment complex located at 4709 Coronado from January 2015 through August 2015" and that he never saw any sign of drug activity or any other illegal activity. Movant himself admitted to the probation officer that his primary residence was at another location. CR Doc. 401 at 2. And, he admitted to DEA agents that he stored methamphetamine for distribution at the Coronado apartment. Id. Further, he stated that someone had broken into the Coronado apartment and stolen $11,000 and five pounds of marijuana, thus corroborating that the apartment was used for drug trafficking. A co-defendant also stated that she met movant at the apartment to carry out drug trafficking activity. CR Doc. 447 at 2. Based on the record, movant's speculation about what might have been

presented falls far short of what would be necessary to show ineffective assistance of counsel.

V.

Order

The court ORDERS that all relief sought by movant in his motion under 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED September 28, 2018.

_____
JOHN McBRYDE
United States District Judge